UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - X
                                  :
UNITED STATES OF AMERICA          :    INDICTMENT
                                  :
         - v. -                   :    22 Cr. _____
                                  :
JATIEK SMITH,                     :
     a/k/a "Tiek,"                      22 CRIM 352
SEQUAN JACKSON,                   :
     a/k/a "Supa,"                :
ANTHONY MCGEE,                    :
     a/k/a "Touch,"               :
KAHEEN SMALL,                     :
     a/k/a "Biz,"                 :
DAMON DORE,                       :
     a/k/a "Demo,"                :
HASIM SMITH,                      :
     a/k/a "Hoodie,"              :
RAHMIEK LACEWELL,                 :
     a/k/a "Ready,"               :
MANUEL PEREIRA,                   :
     a/k/a "Manny," and           :
OCTAVIO PERALTA,                  :
                                  :
         Defendants.

- - - - - - - - - - - - - - - -- - - x


**COUNT ONE**
**(Racketeering Conspiracy)**

The Grand Jury charges:

Overview

1.    From in or about 2019, up to and including in or
about June 2022, JATIEK SMITH, a/k/a "Tiek," SEQUAN JACKSON,
a/k/a "Supa," ANTHONY MCGEE, a/k/a "Touch," KAHEEN SMALL, a/k/a

"Biz," DAMON DORE, a/k/a "Demo," HASIM SMITH, a/k/a "Hoodie,"
RAHMIEK LACEWELL, a/k/a "Ready," MANUEL PEREIRA, a/k/a "Manny,"
and OCTAVIO PERALTA, the defendants, and others known and
unknown, corrupted the operations and activities of First
Response Cleaning Corp. and other related corporate entities
(collectively, "First Response").  First Response is an
emergency mitigation services ("EMS") company, which provides
clean-up services to properties damaged by fire.  The defendants
and their co-conspirators used First Response as a vehicle to
extort other EMS companies, to extort other participants in the
fire restoration industry, and to assert control over the
industry using violence and threats of violence.

### Relevant Background

2.   When properties suffer fire damage, property
owners often hire an EMS company to clean up the damaged
property, which includes sweeping up, removing debris, and
ventilating the property.  Adjusters are another component of
the fire restoration industry.

3.   Property owners typically rely upon adjusters,
either a "public adjuster" or an "independent adjuster," to
investigate, process, and submit the insurance claims to their
insurer.  A public adjuster acts on behalf of the property owner
in negotiating the settlement of a claim for loss or damage with

the insurance company. A public adjuster is paid by the property owner with a percentage of the settlement paid out by the insurer on the insurance claim, and is an independent contractor licensed by the state. By contrast, an independent adjuster works for, and is paid by, the insurer to investigate and adjust claims arising under insurance contracts issued by the insurer.

4.   EMS companies compete to sign projects (or "losses") by approaching a property owner directly. One way EMS companies compete for work is by arriving on the scene of a fire soon after it has occurred, which is sometimes called "chasing a fire." If a property owner hires a particular EMS company, the EMS company will often make a referral for a particular public adjuster to process the associated insurance claim.

5.   Public adjusters similarly compete to sign losses by approaching the property owner, and, in turn, make referrals for EMS companies to work for the property owner.

<u>The Enterprise</u>

6.   From in or about 2019, up to and including in or about June 2022, JATIEK SMITH, a/k/a "Tiek," SEQUAN JACKSON, a/k/a "Supa," ANTHONY MCGEE, a/k/a "Touch," KAHEEN SMALL, a/k/a "Biz," DAMON DORE, a/k/a "Demo," HASIM SMITH, a/k/a "Hoodie," RAHMIEK LACEWELL, a/k/a "Ready," MANUEL PEREIRA, a/k/a "Manny," and OCTAVIO PERALTA, the defendants, and others known and

3

unknown, were members and associates of a criminal organization (the "Enterprise") whose members engaged in, among other things, extortion, wire fraud, mail fraud, witness tampering, and obstruction of justice.

7.    The Enterprise, including its leadership, membership, and associates, constituted an "enterprise," as defined by Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact, although not a legal entity.  The Enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the Enterprise. At all times relevant to this Indictment, the Enterprise was engaged in, and its activities affected, interstate and foreign commerce.  The Enterprise operated in the Southern District of New York and elsewhere.

8.    JATIEK SMITH, a/k/a "Tiek," SEQUAN JACKSON, a/k/a "Supa," ANTHONY MCGEE, a/k/a "Touch," KAHEEN SMALL, a/k/a "Biz," DAMON DORE, a/k/a "Demo," HASIM SMITH, a/k/a "Hoodie," RAHMIEK LACEWELL, a/k/a "Ready," MANUEL PEREIRA, a/k/a "Manny," and OCTAVIO PERALTA, the defendants, participated in the operation of the Enterprise, and participated in unlawful and other activities in furtherance of the conduct of the Enterprise's affairs.

4

Purposes of the Enterprise

9.     The purposes of the Enterprise included the following:

a.     Enriching the members and associates of the Enterprise through, among other things, extortion;

b.     Preserving and protecting the power of the Enterprise, including the power of its leader, JATIEK SMITH, a/k/a "Tiek," the defendant, through violence and threats of violence;

c.     Promoting and enhancing the Enterprise and the activities of its members and associates;

d.     Exerting control over the participants in the fire mitigation industry; and

e.     Protecting the Enterprise and its members and associates from detection and prosecution by law enforcement authorities through acts of intimidation and violence and with threats of retaliation against individuals who witnessed the crimes committed by members and associates of the Enterprise.

Means and Methods of the Enterprise

10.     Among the means and methods by which JATIEK SMITH, a/k/a "Tiek," SEQUAN JACKSON, a/k/a "Supa," ANTHONY MCGEE, a/k/a "Touch," KAHEEN SMALL, a/k/a "Biz," DAMON DORE, a/k/a "Demo," HASIM SMITH, a/k/a "Hoodie," RAHMIEK LACEWELL,

5

a/k/a "Ready," MANUEL PEREIRA, a/k/a "Manny," and OCTAVIO
PERALTA, the defendants, and others known and unknown, conducted
and participated in the conduct of the affairs of the Enterprise
were the following:

      a.    Imposing a system of rules upon other EMS
companies and on public adjusters.

      b.    Extorting money from employees and owners of
EMS companies.

      c.    Extorting money from public adjusters.

      d.    Using threats of force and intimidation
against EMS companies and public adjusters, such as threatening
to kill or shoot victims and members of their family.

      e.    Using force against other EMS companies and
public adjusters to ensure that they submitted to the rules set
by the Enterprise, such as hitting, kicking, and/or punching
victims and, on at least some occasions, with multiple members
of the Enterprise participating in the acts of violence.

      f.    Creating video recordings of acts of
violence committed against employees and owners of EMS companies
and against public adjusters in order to threaten other victims.

      g.    Concealing or altering circumstances of fire
damaged properties, or falsifying insurance claims related to
fire damaged properties, to ensure reimbursement from insurance

companies.

        h.    Threatening violence or retaliation against potential witnesses to their crimes in order to deter cooperation with a law enforcement investigation.

<u>The Racketeering Conspiracy</u>

        11.  From at least in or around 2019, up to and including in or around June 2022, in the Southern District of New York and elsewhere, JATIEK SMITH, a/k/a "Tiek," SEQUAN JACKSON, a/k/a "Supa," ANTHONY MCGEE, a/k/a "Touch," KAHEEN SMALL, a/k/a "Biz," DAMON DORE, a/k/a "Demo," HASIM SMITH, a/k/a "Hoodie," RAHMIEK LACEWELL, a/k/a "Ready," MANUEL PEREIRA, a/k/a "Manny," and OCTAVIO PERALTA, the defendants, and others known and unknown, being persons employed by and associated with the Enterprise described in Paragraphs One through Ten of this Indictment, knowingly combined, conspired, confederated, and agreed together and with each other to violate the racketeering laws of the United States, to wit, Section 1962(c) of Title 18, United States Code, that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of the Enterprise, which was engaged in, and the activities of which affected, interstate and foreign commerce, through a pattern of racketeering activity, as defined in Title 18, United States Code, Sections 1961(1) and (5), consisting of multiple acts:

Case 1:22-cr-00352-JSR   Document 2   Filed 06/23/22   Page 8 of 13


        a.    indictable under Title 18, United States Code, Sections 1951 and 2 (relating to interference with commerce and extortion);

        b.    involving extortion, chargeable under the following provisions of state law, namely, New York Penal Law Sections 155.05(2)(e) (larceny by extortion), 155.40(2) (grand larceny in the second degree by extortion); 155.30(6) (grand larceny in the fourth degree by extortion); 105.10 (conspiracy in the fourth degree); 110.00 (attempt to commit a crime); and 20.00 (accessory liability);

        c.    indictable under Title 18, United States Code, Sections 1343 and 2 (relating to wire fraud);

        d.    indictable under Title 18, United States Code, Sections 1341 and 2 (relating to mail fraud);

        e.    indictable under Title 18, United States Code, Sections 1512 and 2 (relating to tampering with a witness, victim, or an informant); and

        f.    indictable under Title 18, United States Code, Sections 1503 and 2 (relating to obstruction of justice).

    12.  It was a part of the conspiracy that each defendant agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of the Enterprise.

(Title 18, United States Code, Section 1962(d).)

COUNT TWO
(Extortion Conspiracy)

The Grand Jury further charges:

13.   From in or about 2019, up to and including at least in or about June 2022, in the Southern District of New York and elsewhere, JATIEK SMITH, a/k/a "Tiek," SEQUAN JACKSON, a/k/a "Supa," ANTHONY MCGEE, a/k/a "Touch," KAHEEN SMALL, a/k/a "Biz," DAMON DORE, a/k/a "Demo," HASIM SMITH, a/k/a "Hoodie," RAHMIEK LACEWELL, a/k/a "Ready," MANUEL PEREIRA, a/k/a "Manny," and OCTAVIO PERALTA, the defendants, and others known and unknown, knowingly did combine, conspire, confederate, and agree together and with each other to commit extortion, as that term is defined in Title 18, United States Code, Section 1951(b)(2), by obtaining money and property from and with the consent of another person, which consent would have been and was induced by the wrongful use of actual and threatened force, violence, and fear, and would and did thereby obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, JATIEK SMITH, JACKSON, MCGEE, SMALL, DORE, HASIM SMITH, LACEWELL, PEREIRA, and PERALTA agreed to extort money and property from EMS companies and public

9

adjusters.

(Title 18, United States Code, Section 1951.)

FORFEITURE ALLEGATION AS TO COUNT ONE

14.  As a result of committing the offense alleged in
Count One of this Indictment, JATIEK SMITH, a/k/a "Tiek," SEQUAN
JACKSON, a/k/a "Supa," ANTHONY MCGEE, a/k/a "Touch," KAHEEN
SMALL, a/k/a "Biz," DAMON DORE, a/k/a "Demo," HASIM SMITH, a/k/a
"Hoodie," RAHMIEK LACEWELL, a/k/a "Ready," MANUEL PEREIRA, a/k/a
"Manny," and OCTAVIO PERALTA, the defendants, shall forfeit to
the United States, pursuant to Title 18, United States Code,
Section 1963, any and all interests the defendants acquired or
maintained in violation of Title 18, United States Code, Section
1962; any and all interests in, securities of, claims against,
and property or contractual rights of any kind affording a
source of influence over, the enterprise named and described
herein which the defendants established, operated, controlled,
conducted, and participated in the conduct of, in violation of
Title 18, United States Code, Section 1962; and any and all
property constituting and derived from proceeds obtained,
directly and indirectly, from racketeering activity in violation
of Title 18, United States Code, Section 1962, the offense
alleged in Count One of this Indictment, including but not
limited to a sum of money in United States currency representing

10

the amount of proceeds traceable to the commission of the
offense alleged in Count One.

### FORFEITURE ALLEGATION AS TO COUNT TWO

15.  As a result of committing the offenses alleged in
Count Two of this Indictment, JATIEK SMITH, a/k/a "Tiek," SEQUAN
JACKSON, a/k/a "Supa," ANTHONY MCGEE, a/k/a "Touch," KAHEEN
SMALL, a/k/a "Biz," DAMON DORE, a/k/a "Demo," HASIM SMITH, a/k/a
"Hoodie," RAHMIEK LACEWELL, a/k/a "Ready," MANUEL PEREIRA, a/k/a
"Manny," and OCTAVIO PERALTA, the defendants, shall forfeit to
the United States, pursuant to Title 18, United States Code,
Section 981(a)(1)(C) and Title 28 United States Code, Section
2461(c), any and all property, real and personal, that
constitutes or is derived from proceeds traceable to the
commission of said offense, including but not limited to a sum
of money in United States currency representing the amount of
proceeds traceable to the commission of said offense that the
defendants personally obtained.

### Substitute Assets Provision

16.  If any of the above-described forfeitable
property, as a result of any act or omission of the defendants:

  a. cannot be located upon the exercise of due
    diligence;

  b. has been transferred or sold to, or deposited

11

with, a third person;

  c. has been placed beyond the jurisdiction of the

    Court;

  d. has been substantially diminished in value; or

  e. has been commingled with other property which

    cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21,

United States Code, Section 853(p); Title 18, United States

Code, Section 1963(m); and Title 28 United States Code, Section

2461(c), to seek forfeiture of any other property of the

defendants up to the value of the above forfeitable property.

  (Title 18, United States Code, Sections 981, 982, and 1963;
Title 21, United States Code, Section 853; and Title 28, United
States Code, Section 2461.)

FOREPERSON

DAMIAN WILLIAMS
United States Attorney

12

Form No. USA-33s-274 (Ed. 9-25-58)

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

### UNITED STATES OF AMERICA

### - v. -

**JATIEK SMITH, a/k/a "Tiek," SEQUAN JACKSON, a/k/a "Supa,"
ANTHONY MCGEE, a/k/a "Touch," KAHEEN SMALL, a/k/a "Biz," DAMON
DORE, a/k/a "Demo," HASIM SMITH, a/k/a "Hoodie," RAHMIEK
LACEWELL, a/k/a "Ready," MANUEL PEREIRA, a/k/a "Manny," and
OCTAVIO PERALTA,**

**Defendants.**

### INDICTMENT

22 Cr. \_\_\_\_\_

(18 U.S.C. §§ 1962, 1951, and 2.)

DAMIAN WILLIAMS
United States Attorney

**A TRUE BILL**

Foreperson

6/23/22  Filed Indictment under seal. Arrest Warrants issued.

Valerie Figueredo
US MJ

13